Lisa S. Kantor, State Bar No. 110678
  lkantor@kantorlaw.net
Peter S. Sessions, State Bar No. 193301
  psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
COURTNEY WEAVER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY WEAVER,<br><br>                    Plaintiff,<br><br>          v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff COURTNEY WEAVER herein sets forth the allegations of her Complaint against Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## PRELIMINARY ALLEGATIONS

1.     Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2.     Plaintiff COURTNEY WEAVER is, and was at all times relevant, a resident of San Francisco County in the State of California.

3.     Plaintiff was at all relevant times a beneficiary of the Covington & Burling LLP Open Access Plus Medical Benefits plan (the "Plan"), a welfare benefit plan regulated by ERISA. Plaintiff was a covered beneficiary under the Plan by virtue of Plaintiff's husband's employment with Covington & Burling LLP.

4.     The Plan was fully insured by Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY ("Cigna"), who also administered benefit claims under the Plan.

5.     Plaintiff is informed and believes that Defendant is a corporation with its principal place of business in the State of Connecticut, is authorized to transact and transacts business in the Northern District of California, and can be found in the Northern District of California.

6.     Plaintiff resides in this judicial district, Defendant can be found in this judicial district, and the Plan is administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

COMPLAINT FOR BREACH OF ERISA

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## FIRST CLAIM FOR RELIEF AGAINST

## DEFENDANT FOR DENIAL OF BENEFITS

7.      Plaintiff incorporates by reference paragraphs 1 through 6 as though fully set forth herein.

8.      Plaintiff suffers from anorexia nervosa, as well as other physical and mental illnesses associated with her anorexia.

9.      On or about September 10, 2015, Plaintiff was admitted to Monte Nido Vista, a facility that provides treatment for illnesses such as those suffered by Plaintiff.

10.     In connection with her admission, Plaintiff submitted a claim to Defendant for benefits for her treatment at Monte Nido Vista.

11.     On or about September 11, 2015, Defendant denied Plaintiff's claim for benefits on the ground that her treatment at Monte Nido Vista did not meet Defendant's medical necessity criteria.

12.     Plaintiff and Monte Nido Vista appealed this decision on or about September 11, 2015.

13.     On or about October 6, 2015, Defendant denied Plaintiff's appeal, again on the ground that her treatment did not meet Defendant's medical necessity criteria.

14.     Plaintiff discharged from Monte Nido Vista on or about November 15, 2015.

15.     On or about June 7, 2016, pursuant to the terms and conditions of the Plan, Plaintiff submitted a second-level appeal to Defendant.

16.     On or about June 27, 2016, Defendant incorrectly informed Plaintiff that it had received her request for an "external review" and that her request had been sent to the wrong address.

17.     On or about July 8, 2016, Plaintiff informed Defendant that she was not requesting an external review, but was instead requesting a second-level appeal pursuant to the terms and conditions of the Plan.

18.     On or about July 21, 2016, Defendant incorrectly responded that Plaintiff had exhausted her internal appeals under the Plan, and that her Plan "offers a single level appeal[.]"

19.     On or about September 14, 2016, Plaintiff wrote to Defendant and informed Defendant that the Plan offered two levels of appeal, and requested that Defendant review her second-level appeal as required by the Plan.

20.     Defendant did not respond to Plaintiff's September 14, 2016 letter.

21.     To date, Defendant has refused to pay, and Plaintiff is financially responsible for, the cost of her treatment at Monte Nido Vista from on or about September 10, 2015 through on or about November 15, 2015.

22.     Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

    (a)     Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

    (b)     Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claim for medical benefits;

    (c)     After the claim was denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claim along with an explanation of why such material is or was necessary;

    (d)     Failure to pay for the level of care which Defendant determined was medically necessary; and

    (e)     Failure to properly and adequately investigate the merits of Plaintiff's claim, including her second-level appeal, and/or provide alternative courses of treatment.

23.     Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claim for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT FOR BREACH OF ERISA

24.     Following the denial of the claim for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, or such remedies were deemed exhausted, and thus Plaintiff has performed all duties and obligations on her part to be performed.

25.     As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

26.     As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

27.     Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan.

## SECOND CLAIM FOR RELIEF AGAINST
## DEFENDANT FOR EQUITABLE RELIEF

28.     Plaintiff refers to and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29.     As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(3):

(a)     Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

(b)     A mandatory injunction requiring Defendant to immediately qualify Plaintiff for benefits due and owing under the Plan; and

(c)     Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as a beneficiary under the Plan.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT FOR BREACH OF ERISA

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health insurance benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

Dated:  March 9, 2017      KANTOR & KANTOR LLP


By: */s/ Peter S. Sessions*
   Peter S. Sessions
   Attorneys for Plaintiff
   Courtney Weaver

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT FOR BREACH OF ERISA